# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PACHECO GARCIA,<br><br>                    Petitioner,<br><br>    v.<br><br>TODD LYONS, *et al.*,<br><br>                    Respondents. | Case No. 26-cv-01882-BAS-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Martin Pacheco Garcia filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody or, alternatively, a bond hearing.  (ECF No. 1.)  The Government responded to the Petition, acknowledging that Petitioner is subject to the decision in *Maldonado*, and thus, the Government "do[es] not oppose an order from this court directing a bond haring be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.) However, the Government requests 14 days to hold the bond hearing because of "heavy caseloads and staffing levels."  (*Id.*)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within seven days.

26cv1882

## I.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     ANALYSIS

Petitioner entered the United States without inspection twenty years ago. (ECF No. 1 ¶ 2.) He was not apprehended at the border and settled in the interior of the United States. (*Id.* ¶2.) Petitioner has no criminal record. (*Id.* ¶ 4.)

Immigration and Customs Enforcement ("ICE") arrested him on March 5, 2026. (*Id.* ¶ 5.) Since his arrest, an Immigration Judge found she lacked jurisdiction to hold a bond hearing relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*, Ex. A.)

The Central District of California certified a class of which Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). The case essentially overruled *Yajure Hurtado.* Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). The Government "do[es]

not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 4.)

Therefore, and for all of the reasons stated in its previous opinions listed above, the Court **GRANTS** the Petition. Although the Government requests that it be given 14 days to hold a bond hearing, it has been aware of the opinion in *Maldonado-Bautista* since November 2025, yet it still requires a habeas petition to enforce the order out of the Central District of California. In addition, this Petition was filed March 24, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide him with a bond hearing since then. Hence, the Government has had plenty of time despite its "heavy caseloads and staffing levels" to schedule a bond hearing. The Petitioner requests seven days, and the Court finds that is appropriate.

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Martin Pacheco Garcia (A#221-420-859) within seven days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within seven days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 2, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1882